Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1335 | **DATE** | March 31, 2011 |
| **CASE TITLE** | Connie Knighton (#2010-0430226) v. Superintendent Reyes, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#4] is granted. The Court authorizes and orders Cook County Jail officials to deduct $26.40 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The Clerk is directed to amend the docket, adding Correctional Officer Kozel as a Defendant and to issue summons for him. Defendants Dart, Mueller, Reyes, and Kiriazes are dismissed as Defendants. The U.S. Marshal is directed to serve Defendant Kozel. The Clerk is also directed to send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ **[For further details see text below.]**    Docketing to mail notices.

## STATEMENT

Plaintiff, Connie Knighton, presently a pre-trial detainee, in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants Cook County Sheriff Tom Dart; Director of the Cook County Department of Corrections John Mueller; Director of Program Services for the Cook County Department of Corrections, Superintendent Reyes; Medical Director Jean Kiriazes; and Correctional Officer Kozel violated his constitutional rights by providing unconstitutional conditions of confinement for three days at the Cook County Jail. More specifically, Plaintiff alleges that he was placed in a cell that had no running water and that it made it difficult for him to take necessary medications. Plaintiff alleges that the facility was on lockdown making it impossible for him to get water except for when he got "out time from a water fountain in the day room. He further alleges that he notified Correctional Officer Kozel, that he needed water to take his medication, and Defendant Kozel told him that he did not have time. The other Defendants are seemingly named in their supervisory capacities.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $26.40. The inmate trust office at Plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.
**(CONTINUED)**

AWL

| STATEMENT |
|---|

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act against Correctional Officer Kozel for unconstitutional conditions of confinement. *Antonelli v. Sheahan* 81 F.3d 1422, 1427 (7th Cir. 1996) (to state a valid unconstitutional condition of confinement claim, the plaintiff must be able to demonstrate that the defendants, acting with deliberate indifference, deprived him of "basic human needs" or "the minimal civilized measure of life's necessities"); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Although Defendant Kozel is not named in the caption as a Defendant, he is named in the body of the complaint and his actions, as described, are sufficient under *Antonelli*, for purposes of initial review pursuant to 28 U.S.C. § 1915(b)(2)(e) to state a cause of action. The Clerk is directed to amend the docket to add his name as a Defendant.

However, Plaintiff's complaint must be dismissed as to Defendants Dart, Mueller, Reyes, and Kiriazes, as Plaintiff's allegations seeking to hold them liable for their supervisory roles in the running of the Cook County Jail fail to state a claim. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Plaintiff has alleged no facts suggesting their direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at their direction or with their knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

The mere fact that Defendants Dart, Mueller, Reyes, and Kiriazes held a supervisory positions is insufficient to establish liability, as the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Section 1983 does not create collective or vicarious responsibility. *Id.* Supervisors cannot be held liable for the errors of their subordinates. *Birch v. Jones*, No. 02 C 2094, 2004 WL 2125416, at *6 (N.D. Ill. Sep. 22, 2004) (Manning, J.), *citing Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). "Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Id.* In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Plaintiff merely names these Defendants in the caption of his complaint. The only person he names in the body of the complaint whom he alleges had knowledge of the complained of condition and turned a blind eye, is Defendant Kozel. Because Plaintiff has failed to state any facts suggesting that Dart, Mueller, Reyes, and Kiriazes were personally involved in–or even aware of–the alleged circumstances giving rise to the complaint, they are dismissed as Defendants in this matter.

The Clerk shall issue summons for service of the complaint on Defendant Kozel (hereinafter, "Defendant"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only **(CONTINUED)**

| STATEMENT |
|---|

by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

    Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

*Wm. J. Hibbler*