```
            UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

CONNIE KNIGHTON,                     )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )    No.  11 C 1335
                                     )
SUPERINTENDENT REYES, THOMAS DART,   )
JOHN MUELLER, JEAN KIRIAZES,         )
UNKNOWN DISTRICT,                    )
                                     )
        Defendants.                  )

**MEMORANDUM OPINION AND ORDER**

In consequence of the untimely death of this Court's friend and colleague Honorable William Hibbler, Judge Hibbler's calendar has been redistributed among the other judges of this District Court on a computer-generated basis, and that has brought this action to this Court's calendar. This Court's review of the chambers file received from Judge Hibbler's staff, as well as the docket printout, has confirmed that the Fed. R. Civ. P. ("Rule") 56 motion filed by sole defendant Officer Kozel ("Kozel") must be granted.

Indeed, this Court's initial screening of the docket and the parties' filing suggested that Judge Hibbler's original March 31, 2011 minute order may have been somewhat overgenerous in permitting pro se plaintiff Connie Knighton ("Knighton") to proceed against Kozel under 42 U.S.C. § 1983 ("Section 1983"). This should not be misunderstood as a criticism of that ruling,

for Haines v. Kerner, 404 U.S. 519 (1972) counseled fully four decades ago that pro se pleadings should be viewed through a generous lens, and from that perspective (with the aid of substantial favorable inferences) Knighton's Complaint could well have been viewed as surviving -- though barely.

But now Kozel has tendered his Rule 56 motion for summary judgment, properly supported in the manner called for by this District Court's LR 56.1 implementation of that Rule. Judge Hibbler had earlier set a timetable for briefing any such dispositive motion, and after Kozel's filing Judge St. Eve (acting on Judge Hibbler's behalf) extended Knighton's response date to March 16, 2012.

More than 10 days have elapsed since that extended due date, and nothing has been forthcoming from Knighton. That may be understandable, for this Court's review of the Rule 56 motion has shown it to be unanswerable in terms of negating any arguable violation of Knighton's constitutional rights by Kozel.

It is unnecessary to cite chapter and verse in that respect, for the comprehensive Memorandum of Law in Support of Defendant's Motion for Summary Judgment ("Memorandum") filed on December 15, 2011 supports that conclusion beyond peradventure. Briefly, during the 72-hour lockdown period at the County Jail during which Knighton did not have access to cold running water in his cell, he sustained no physical harm from the failure to take his

medication.  Moreover, Knighton had only the briefest contact with Kozel at the beginning of that time frame, when the latter was performing a tier check, and Knighton did not pursue the matter with him further.

There are more figurative nails of legal argument that further seal the coffin of Knighton's attempt to state a viable claim against Kozel, but there is really no need to repeat (or to elaborate on) what has been set out so persuasively in Kozel's Memorandum.  Suffice it to say that nothing in the parties' interaction or in the sequence of events even arguably supports a finding of deliberate indifference on Kozel's part.

In short, this action does not support a finding that any Eighth-Amendment-violative instance of cruel and unusual punishment by Kozel occurred.  On that score, Knighton has failed to meet the standards defined by such decisions as <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991) and <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994) and their progeny.  This action is dismissed.

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date:  March 27, 2012